IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO. 5:24cr11/MW

DEAN PADGETT
_____/

**GOVERNMENT'S MOTION IN LIMINE TO
EXCLUDE POTENTIAL CHARACTER EVIDENCE**

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorneys, and moves this Court *in limine* to exclude any reference to, or evidence of, the victim's bad character, criminal history, disciplinary history, or bad acts, apart from his status as an inmate at the time of the events at issue in this case, and prohibit reference to, or evidence of, the defendant's good character. In support of this motion, the government offers the following:

STATEMENT OF THE CASE AND COURSE OF PROCEEDINGS

The indictment charges Dean Padgett ("defendant") with subjecting state prison inmate Anthony Touchton ("Touchton") to cruel and unusual punishment while in official custody and detention by one acting under color of the law, and making false statements to agents during a federal investigation. (Doc 1).

On the morning of October 3, 2023, at Gulf Correctional Institution, Touchton placed paper over his prison cell window. Initially, Touchton refused to submit to

orders from correctional officers to remove the paper. However, after a few minutes, Touchton complied and was handcuffed behind his back by officers. The defendant and Officer Ricky Mazingo ("Mazingo") then escorted Touchton to medical triage because the defendant claimed that Touchton declared a "psych emergency." There is no evidence Touchton had done so. Nonetheless, the defendant took Touchton to medical triage along with Officer Mazingo, where there are no cameras. Once at medical triage, several employees (to include nurses and a correctional officer) witnessed the defendant punch Touchton in his face causing him to fall to the ground. Once on the ground, the defendant punched Touchton again in the head area and, with the defendant's boot, stepped on Touchton's throat/neck. During this assault, Touchton was compliant with orders and handcuffed behind his back. Touchton sustained several injuries to his face. The assault was immediately reported by eyewitnesses up the chain of command.

    The defendant was provided his *Miranda* rights and interviewed on October 18, 2023, by members of the Office of the Inspector General and the Federal Bureau of Investigation. During this interview, the defendant asserted that he did not punch, kick, step on, choke, or strike Touchton in any way. Instead, contrary to at least three eyewitnesses, the defendant claimed Touchton intentionally hit his own head against a wall and then fell to the ground, which caused his injuries. When Touchton fell to the ground, the defendant claimed that he merely put his boot on Touchton's

shoulder and shook him while ordering him to get up from the ground.

## LEGAL ARGUMENT

### I. Exclusion of Evidence of the Victim's Bad Character or Conduct

The government moves this Court to exclude from the trial evidence, including any reference to, the victim's bad character, criminal convictions, and specific instances of bad conduct unrelated to the charged incident. Such evidence would constitute improper character evidence under Federal Rules of Evidence 404(a), 404(b), and 405(a). Additionally, such evidence would be unfairly prejudicial under Rule 403.

### A. Evidence of the Victim's Bad Character is Inadmissible Under 404(a)

Pursuant to the Federal Rules of Evidence, the defendant may not introduce evidence of the victim's character other than evidence that related to a "pertinent trait." Fed. R. Evid. 404(a)(2). Thus, the defendant does not have carte blanche to attack the character of the victim in this case. Rather, just as with evidence related to the character of the defendant, character traits of the victim must be relevant to the issues before the jury for such evidence to be admitted. The defendant must therefore identify specific traits of the victim, and the Court must determine whether those traits are pertinent to issues in this case, and whether those traits are unfairly prejudicial. To the extent that the defendant seeks to introduce any evidence related to Touchton's character, the Court should exclude said evidence because the

defendant cannot show that such evidence is pertinent to the inquiry before the Court.

1. Character for Violence

The defendant should not be permitted to claim the victim has a character for violence. The issue of whether a victim possesses a violent or aggressive character may arise in assault cases, where a defendant may argue that he acted in self-defense or that the force he used was justified under the circumstances and that the victim's character for violence supports an inference that the victim was the aggressor. The victim's character is not an issue in this case as the victim's conduct was witnessed by multiple correctional officers and institutional nurses who saw the victim was compliant with commands before/during his victimization. The eyewitness accounts convey the victim's conduct was compliant prior to the time when force was being used against him, including being handcuffed behind his back. It is unlikely the defendant will utilize a self-defense argument at this point.[1] Unless and until the defendant pursues this theory as a defense, evidence of a character trait for violence is not pertinent and falls outside Rule 404(a)(2)'s exception. *See, e.g., United States v. Talamante*, 981 F.2d 1153 (10th Cir. 1992) (specific instances of conduct not admissible to prove victim was first aggressor when character is used

---

[1] Pursuing a theory of self-defense would amount to an admission of guilt on Count Two—false statements to federal investigators. If the defendant now contends that he struck the victim in self-defense, it would necessarily demonstrate that his recorded interview to investigators that is at issue in Count Two is false.

circumstantially); *United States v. James*, 169 F.3d 1210 (9th Cir. 1999) (*en banc*) (corroborating evidence of victim's violence is admissible to establish defendant's credibility in self-defense claim); *United States v. Greg*, 451 F. 3d 930, 933 (8th Cir. 2006); *see also United States v. Hillsberg*, 812 F. 2d 328, 334 (7th Cir. 1987) (victim's propensity for violence was not pertinent because defendant did not claim he was provoked or acted in self-defense); *United States v. DeLeon*, 728 F.3d 500 (5th Cir. 2013).

2. Prior Convictions, Disciplinary Records, and Character for Truthfulness

The defense should also be precluded from attacking the victim's character as the government does not anticipate that Touchton will testify at trial.[2] A person's character for truthfulness is subject to attack only if he becomes a witness. Fed. R. Evid. 608(a). Absent testimony from the victim, his credibility is irrelevant. Touchton's truthfulness is not a pertinent character trait of the conduct charged in the indictment, since the indictment refers only to the defendant's assault of Touchton and the false statement to investigators—and therefore, any evidence regarding the victim's truthfulness is inadmissible.

As such, the defendant cannot rely on Rule 609 to offer evidence of the

---

[2] During the incident in question, Touchton was handcuffed behind his back. Correctional officers and institutional nurses identified the defendant as the individual who repeatedly struck the victim in the face (and stepped on the neck/throat of the victim). These witnesses have testified as much under oath before a federal grand jury and are anticipated to testify at trial for the government. As such, Touchton's testimony is unnecessary.

victim's prior convictions, since this rule applies only to the credibility of witnesses. *Old Chief v. United States*, 519 U.S. 172, 176 n.2 (1997) (explaining prior convictions may not be admitted for impeachment if subject does not testify); *Luce v. United States*, 469 U.S. 38, 43 (1984) ("[T]o raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify."). Therefore, the Court should preclude the defendant from making any reference to, or admitting any evidence of, the victim's criminal history.

### B. Evidence of the Victim's Bad Acts is Inadmissible Under Rule 404(b)

Nor may the defendant introduce evidence of the victim's specific past bad acts, criminal record, or prison disciplinary history to support an argument that the victim acted aggressively during the incident at issue. Rule 404(b) specifically precludes the admission of evidence of other crimes, wrongs, or acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b); *United States v. North*, 762 F. App'x 813, 818 (11th Cir. 2019) (holding that victim's prior conviction for carjacking was properly excluded based on Fed. R. Evid. 404(b), which bans extrinsic evidence to prove that someone acted in conformity with prior bad conduct). The rule allows the introduction of such evidence only when it is offered for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b).

The only way that reference to the victim's prison disciplinary record and his prior convictions may be permissible, subject to Rule 403 balancing, is if the defendant takes the stand, claims self-defense, and testifies that he was aware of specific criminal or disciplinary acts of Touchton at the time of the assault charged in the indictment. In *United States v. Saenz*, the Ninth Circuit persuasively held that "a defendant claiming self-defense may show his own state of mind by testifying that he knew of the victim's prior acts of violence" without violating Rule 404(b) because such testimony goes to "the defendant's state of mind," and is not proof that the victim acted in conformity with prior deeds. 179 F. 3d 686, 688 (9th Cir. 1999); *see also United States v. Bordeaux,* 570 F.3d 1041, 1050 (8th Cir. 2009) ("Evidence of a victim's prior bad acts is only admissible to the extent a defendant establishes knowledge of such prior violent conduct at the time of the conduct underlying the offense charged."); *United States v. Smith,* 230 F.3d 300, 308 (7th Cir. 2000) ("It is only when the specific instances of conduct are known to the one claiming self-defense, and thus could have factored into the decision-making process that resulted in the act that such instances should be admissible as essential elements of the claim."). As such, until the defendant takes the stand, claims self-defense, and states he was aware of specific conduct, any bad act evidence is inadmissible. Even if the defendant takes the stand and states that he was aware of certain conduct, he may not introduce extrinsic evidence of bad acts to support his claims. Fed. R. Evid.

7

405(a). Accordingly, Rule 404(b) does not allow for the admission of any jail disciplinary records, bad acts, or criminal history of the victim.[3]

### C. Rule 403 Bars Evidence of the Victim's Character or Bad Acts

To the extent that evidence regarding the victim's prior bad acts or character is otherwise admissible, it should still be excluded under Rule 403. Rule 403 states that evidence of a pertinent character trait of a victim must be excluded if its probative value is substantially outweighed by the "danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. Unfair prejudice under the rule refers to evidence that "tends to suggest decision on an improper basis." Fed. R. Evid. 403. Character evidence relating to a victim is particularly susceptible to such prejudice because of the potential that it will be used simply to tarnish a victim by suggesting a propensity to commit bad acts, thus encouraging jury nullification. *See, e.g.*, McCormick on Evidence § 193 (8th Edition) (explaining that character evidence relating to a victim is disfavored because "[l]earning of the victim's bad character could lead the jury to think the victim merely 'got what he deserved' and to acquit for that reason.").

Thus, even where a character trait is pertinent, courts may exclude evidence of an adverse trait pursuant to Rule 403. *See, e.g.*, *United States v. Milk*, 447 F.3d

---

[3] It is not anticipated the defendant will assert self-defense in this case because he has already unequivocally denied any assault to the victim's face/head.

593, 600-01 (8th Cir. 2006) (affirming exclusion of testimony regarding victim's prior stabbing offense under Rule 403 because of "significant risk of mini-trial" and lack of probative value); *United States v. Schatzle*, 901 F.2d 252, 256 (2nd Cir. 1990) (affirming exclusion in excessive force trial of testimony about victim's involvement in prior altercation because the risk of confusion of issues substantially outweighed the probative value).

In accord with these principles, the victim's criminal history, prior disciplinary records, and any underlying misconduct, even if found relevant by this court, should be excluded under Rule 403 because the nominally probative value of such evidence is far outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. Reference to such evidence would serve only the improper purpose of appealing to the emotions of the jury in an attempt to make the jury dislike the victim and acquit the defendant for that reason.

Rule 403 balancing weighs particularly heavy against introducing character or bad act evidence in this case, where multiple eyewitnesses who worked for Gulf Correctional Institution witnessed Touchton's conduct before, after, and for part of the actual assault. The anticipated testimony from multiple officers/nurses who were present obviates the need to rely on character and prior act evidence. Any probative value is strongly outweighed by the risk of unfair prejudice. Accordingly, Rule 403 provides a further basis for excluding evidence of Touchton's character, criminal

record, disciplinary history, and prior acts.

## II. Exclusion of Evidence of the Defendant's Good Character or Conduct

The government moves this Court to exclude from trial evidence of, or reference to, the defendant's general good character and specific instances of good conduct, including evidence about any of the defendant's awards, commendations, or other good acts. Such evidence would constitute improper character evidence under Federal Rule of Evidence 404.[4]

Federal Rule of Evidence 404 generally prohibits the introduction of evidence of a person's character to prove the person acted in conformity with that character. *See* Fed. R. Evid. 404(a)(1) & (b)(1). The Rule provides an exception that permits a defendant to offer evidence of his character only if it related to a "pertinent character trait." *See* Fed. R. Evid. 404(a)(2)(A); *United States v. Camejo*, 929 F.2d 610, 613 (11th Cir. 1991). Here, the defendant's general good character is not pertinent to the crime charged, which is limited in time to a period of a few minutes on October 3, 2023. The Court should thus exclude any such evidence as irrelevant.

Specifically, the defendant should be barred from offering any evidence that he was a good, competent correctional officer. Courts generally preclude law enforcement defendants from offering such evidence, including evidence of any

---

[4] The defendant maintains more than one disciplinary allegation and/or finding against him regarding the improper use of force or handling of inmates, which may be admissible to impeach the defendant should he decide to testify at trial.

commendations and awards, on relevance grounds. *See, e.g. United States v. Washington*, 106 F. 3d 983, 999 (D.C. Cir. 1997) (holding that defendant's commendations from time as a police officer were not admissible because the defendant's traits were not pertinent to his criminal charges); *United States v. Nazzaro*, 889 F. 2d 1158, 1168 (1st Cir. 1989) (holding that trial court properly excluded evidence of the defendant's commendations from the military and as a police officer because the traits they represent were not pertinent to the crimes).

General evidence of the defendant's good conduct, including evidence offered to prove respectability, dedication, or other such traits is irrelevant to the civil rights issue charged here. Evidence about the defendant's character has no bearing on whether Touchton was assaulted by the defendant or about whether the defendant lied to investigators to cover up the assault. *See United States v. Ellisor*, 522 F.3d 1255, 1270–71 (11th Cir. 2008) ("[S]pecific acts of good character [are] inadmissible under Rules 404(b) and 405(b) to prove [the defendant's] action in conformity therewith"); *see also United States v. Rosin*, 263 F. App'x 16, 30-31 (11th Cir. 2008) (unpublished) (evidence regarding defendant's kindness and charitable activities inadmissible); *Camejo*, 929 F.2d at 612-13 ("Evidence of good conduct is not admissible to negate criminal intent."). Like mindedly, the Eleventh Circuit has held that a district court did not err in excluding testimony regarding a defendant's service in the armed forces. *United States v. Solomon*, 686 F.2d 863,

11

874 (11th Cir. 1982) (finding that district court properly excluded defendant's testimony regarding defendant's military service, lifestyle, good living, and respectability).

Even if evidence of the defendant's good character were pertinent, the form of that evidence—as with any admissible evidence of the victim's character—would be limited to "testimony as to reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a); *Michelson v. United States*, 335 U.S. 469, 477 (1948).[5] Character evidence in the form of testimony regarding specific instances of conduct is permitted only where the character trait at issue is "an essential element of a charge, claim, or defense." Fed. R. Evid. 405(b). There is no character trait that is an element of the crimes charged in the instant indictment. As such, any evidence of or testimony about specific instances of conduct, and about the defendant's general good character should be excluded.

---

[5] Were the defendant permitted to offer reputation and opinion testimony regarding a pertinent character trait, the government is permitted under Fed. R. Evid. 405(a) to cross-examine the character witness about whether they are aware of specific acts of misconduct indicating a contrary character. *Michelson*, 335 U.S. at 479; *United States v. Ugha*, 789 F. App'x 758, 762 (11th Cir. 2019).

## CONCLUSION

For the foregoing reasons, the government respectfully requests this Court exclude any reference to, or evidence of, the victim's bad character, criminal history, disciplinary history, or bad acts apart from his status as an inmate at the time of the events at issue in this case. The government further requests this Court prohibit reference to, or evidence of, the defendant's good character.

Respectfully submitted,

JASON R. COODY
United States Attorney

*/s/ David L. Goldberg*
DAVID L. GOLDBERG
Assistant U.S. Attorney
Member of the Maryland Bar
21 E. Garden Street, Suite 400
Pensacola, FL  32502
(850) 444-4000


*/s/ Khari A. James*
Assistant United States Attorney
Florida Bar No. 1003862
111 North Adams Street, 4th Floor
Tallahassee, FL 32301
khari.james@usdoj.gov
(850) 942-8430

## RULE 7.1(B) CERTIFICATION

I HEREBY CERTIFY that defense counsel has been consulted concerning this motion, and she **opposes** the relief requested and reserves the right to file a response.

*/s/ David L. Goldberg*
DAVID L. GOLDBERG
Assistant U.S. Attorney

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I HEREBY CERTIFY that this memorandum complies with the type-volume limitation of Local Rule 7.1(F) because this pleading contains 3,178 words.

*/s/ David L. Goldberg*
DAVID L. GOLDBERG
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed via the Court's CM/ECF system on this 29th day of July, 2024, which will send notification of such filing to all counsel of record.

*/s/ David L. Goldberg*
DAVID L. GOLDBERG
Assistant U.S. Attorney