UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**UNITED STATES OF AMERICA**

v.  CASE NO. 5:24cr11-MW

**DEAN PADGETT**

_____/

## DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE POTENTIAL CHARACTER EVIDENCE

Defendant, Dean Padgett, by and through undersigned counsel, hereby responds to the government's motion in limine to exclude potential character evidence.

## MEMORANDUM

**A. This Court should deny the Government motion seeking to exclude evidence of the alleged victim's character under Fed. R. Evid. 404(a).**

Generally, Fed. R. Evid. 404 excludes the use of character evidence "to prove that on a particular occasion the person acted in accordance with character or trait." Fed. R. Evid. 404(a)(1). However, in criminal cases there is an exception: the defendant may introduce evidence of a victim's pertinent trait. See Fed. R. Evid. 404(a)(2). See also Jemison v. Simmons, 518 F. App'x 882, 888 (11th Cir.

1

2013) (finding no error in admitting inmate's prior behavioral problems to explain why correctional officers restrained and removed him during civil trial). If admitted, the Government is allowed to rebut it or present evidence of the defendant's same trait. Id.

The Government reasons that the only way this evidence may come in is if Mr. Padgett asserts a self-defense theory. However, this is a myopic view: self-defense is just one of many possible defense alternatives Mr. Padgett may wish to pursue. The government convolutes their limitations on character evidence with the defendant's. A defendant may introduce evidence of a victim's pertinent trait subject to the limitations of Rule 412; whereas the government can only do so in a homicide case where evidence is presented that the victim was the first aggressor. See Fed. R. Evid. 404(a)(2). More importantly, the defendant is under no obligation to provide the Government with its theory of defense prior to trial.

**B. This Court should deny the government motion seeking to exclude the introduction of the alleged victim's prior bad acts under Fed. R. Evid. 404(b).**

Other crimes, wrongs or acts are admissible as long as the evidence is not offered to prove "that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(b)(1). "Rule 404(b) is a rule of

inclusion" which provides for the admission of all evidence of other acts that is relevant to an issue at trial. United States v. Jernigan, 341 F.3d 1273, 1280 (11th Cir. 2003).

Here, the government moves to exclude 404(b) evidence against the alleged victim, Inmate Touchton. Rule 404(b) provides a list of non-exhaustive examples permitting introduction of prior bad acts. Fed. R. Evid. 404(b)(2). The government notes that the "defendant claimed Touchton intentionally hit his head against a wall and fell to the ground, which caused his own injuries." Dkt. Doc. 27, at 2. Therefore, Inmate Touchton's prior bad acts may be used to show this motive or intent to self-harm; his motive/intent to disrupt normal operations of the prison, his motive/intent to be moved from his cell, his motives to lie, etc. Alternatively, other crimes, wrongs or acts may be used to show Inmate Touchton's knowledge of prison regulations, disciplinary procedures, staff identity, roles, and hierarchy, etc. Prior bad acts may also be introduced to show Inmate Touchton's opportunity, plan, habits, or preparation for getting transferred to another cell, moved to medical, or otherwise planning and preparing for an opportunity to get some form of preferential treatment from prison staff.

In sum, there are endless reasons why this evidence is admissible. However, at this time Mr. Padgett is not prepared to address which 404(b)

evidence would be necessary for his defense until the government begins to present their evidence. Engaging in a pretrial Fed. R. Evid. 403 balancing test at this time would be premature. Therefore, the defense would request the Court deny the Government's motion with regard to 404(b) evidence about the victim as premature. Should the defense find it necessary to introduce Mr. Touchton's crimes, wrongs or acts relating to at trial, the Court at that time would be better prepared to assess whether the evidence is introduced for a non-propensity purpose under Fed. R. Evid. 404 and the appropriate balancing test under Fed. R. Evid. 403.

**C. This Court should deny the Government motion seeking exclusion of evidence regarding the Defendant's Good Character.**

Finally, the government moves to exclude evidence of the defendant's good character and conduct. See Dkt. Doc. 27, at 10. It argues that "the defendant's general good character is not pertinent to the crime charged." Id. "Pertinent is synonymous with relevant. See United States v. Hewitt, 634 F.2d 277, 279 (5th Cir. 1981) (internal citations omitted). "[C]haracter is relevant in resolving probabilities of guilt." Michelson v. United States, 335 U.S. 469, 476 (1948).

The law prohibits the prosecution from using "any kind of evidence of a defendant's evil character to establish a probability of his guilt." Old Chief v.

United States, 519 U.S. 172, 181 (1997). However, "such testimony alone may be enough to raise reasonable doubt of the guilt of the accused and may entitle the accused to an appropriate jury instruction to that effect." United States v. Darland, 626 F.2d 1235, 1238 (5th Cir. 1980) (citing Michelson, at 476). "The defendant's right to present such testimony is not conditioned on the defendant's taking the stand." Id. Testimony about a defendant's good character comes at a price: it "throw[s] open the entire subject which the law has kept closed for his benefit and to make himself vulnerable where the law otherwise shields him." Michelson, at 479. See also United States v. Williams, 665 F. App'x 780, 782 (11th Cir. 2016); and United States v. Adair, 951 F.2d 316, 319 (11th Cir. 1992).

The government notes that specific acts of good character are inadmissible. Dkt. Doc. 27, at 11 (citing United States v. Ellisor, 522 F.3d 1255, 1270-71 (11th Cir. 2008); United States v. Camejo, 929 F.2d 610, 612-13 (11th Cir. 1991)). While specific acts are disallowed, overall reputation is "allowed to summarize what [the witness] has heard in the community, although much of it may have been said by persons less qualified to judge[.]" Michelson, at 477.[1]

---

1 "The evidence which the law permits is not as to the personality of defendant but only as to the shadow his daily life has cast in his neighborhood. This has been well described in a different connection as 'the slow growth of months and years, the resultant picture of forgotten incidents, passing events, habitual and daily conduct, presumably honest because disinterested, and safer to be trusted because prone to suspect . . . . It is for that reason that such general repute is permitted to be proven. It sums up a multitude of trivial details. It compacts into the brief phrase of a verdict the teaching of many incidents and the conduct of years. It is the average intelligence drawing its conclusion.'" Michelson, at 477 (internal citations omitted).

Accordingly, this Court should deny the government's motion.

RESPECTFULLY SUBMITTED this 2nd day of August 2024.

/s/ *Juan J. Rodriguez*
JUAN JOSÉ RODRÍGUEZ
New York Bar No. 5030374
New Jersey Bar No. 045022011
Attorney for Defendant
3 W. Garden Street, Ste. 200
Pensacola, FL 32502
(850) 432-1418
juan_j_rodriguez@fd.org

## LOCAL RULE 7.1(F) CERTIFICATE

I HEREBY CERTIFY that the above motion complies with the word limit contained in N. D. Fla. Loc. R. 7.1(F). This motion contains 1,006 words.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the forgoing has been filed via the Court's CM/ECF system on August 2, 2024.