# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

**UNITED STATES OF AMERICA**

v.                                                          CASE NO. 5:24cr11/MW

**DEAN PADGETT**

_____

## TRIAL BRIEF

COMES Now, the United States of America, by and through the undersigned Assistant United States Attorneys, and represents that it has previously discussed the legal and factual issues with an attorney for the defendant herein pursuant to N.D. Loc. R. 26.2 with respect to those matters set forth in the rule. Counsel now files this report as required by N.D. Loc. R. 26.2 as follows:

A. <u>Discovery material provided:</u>

1. Government:

The government represents that it has provided the defendant with all discovery required by the rule, including any known *Brady* and *Giglio* material. It further represents that more discovery was provided than is required by the rule; this includes supplemental packets of discovery. Further, all of the government's evidence was made available to the defense for review

in advance of the trial date, and the defense was afforded access to visit the institutional scene of the crime for its own investigative purposes.

2. Defendant:

The defendant has not provided any discovery to the government as of the date of this filing, but it is anticipated the defense will provide photographs and videos taken from within the correctional institution for use in its case in chief.

B. <u>Stipulations as to evidence and issues regarding jury selection:</u>

1. The parties have agreed to the authenticity and admission of all projected exhibits in advance of trial unless otherwise noted herein.

2. Because of the nature of the instant indictment, and the correctional institutions located within the Northern District of Florida, the government requests the Court ask specific questions during voir dire, in addition to its normal inquiry, as it relates to correctional institutions and potential bias or preconceived ideas. This would include inquiring as to (a) employment at a correctional institution, (b) relatives who are employed at a correctional institution, (c) any strong feelings regarding a correctional officer as a charged defendant or a prison inmate as a crime victim, and (d) whether anyone believes it is acceptable to assault a prison inmate solely based upon his/her

2

institutional status.

  3. When it comes to indictments of this nature, which is the prosecution of a law enforcement officer with a prison inmate as the victim, the government is aware that sometimes arguments are made by the defense, either explicitly or implicitly, that suggest jury nullification.[1] As this Court is well aware, members of the jury are not empowered to disregard their oaths and decide a case by ignoring the Court's instructions.  The undersigned simply request this Court keep such a notion in mind during jury selection and during its instructions on the law.  The law is well-settled that it is improper for a defendant to suggest in any way that the jury should acquit the defendant even if it finds the government has met its burden of proof.  *See United States v. Trujillo*, 714 F.2d 102, 106 (11th Cir. 1983).  "Because the jury enjoys no right to nullify criminal laws, and the defendant enjoys a right to neither a nullification instruction nor a nullification argument to the jury, the potential

---

[1] It appears that, in this case, the defendant may attempt to discuss the reputation or disciplinary history of the victim in this case. *See* ECF No. 32 at p. 3.  However, it is not relevant to this cause whether or not the victim has a prior disciplinary record or committed unsavory crimes in the past.  Herein, the victim had a dispute with correctional officers about placing paper over his cell window – this dispute then ended with full compliance; it was over.  It was after that, and there was a break in time, that the defendant then had the victim handcuffed behind his back and led to a room where the assault took place.  The victim was restrained and compliant at that point – any prior bad acts or history are not relevant as to whether the defendant assaulted the victim at that moment in time.

for nullification is no basis for admitting otherwise irrelevant evidence." *United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998). The government does not anticipate the defense will explicitly assert such an argument, but it is important for all involved in the jury trial process to be reminded that the jury is bound by the Court's instructions, and the defense cannot argue for an acquittal simply because the victim in this case is a prison inmate and the defendant a law enforcement officer.

C. Legal issues and case summary:

1. The government hereby, in advance, moves for the production of any defense witness statements as provided for in Rule 26.2, Fed. R. Crim. Procedure. While the government recognizes the defense is not required to produce a witness statement until after that witness has testified, the government is making such request, in advance, in order that the defense can make copies and produce them without unnecessary delay.

2. ***Count One*** - Section 242 of Title 18 is a Reconstruction Era measure intended to "protect all persons in the United States in their civil rights, and furnish the means of their vindication." *Screws v. United States*, 325 U.S. 91, 98 (1945). To establish a violation of 18 U.S.C. § 242, the government must show that the defendant (1) while acting under color of law, (2) deprived the

victim of a right secured or protected by the Constitution or laws of the United States, and (3) that his actions were willful. 18 U.S.C. § 242; *United States v. Lanier*, 520 U.S. 259, 264 (1997) (reciting elements and citing *Screws*); *United States v. Myers*, 972 F.2d 1566, 1569 (11th Cir. 1992) (generally reciting statute in affirming convictions of law enforcement officers). In felony cases, the government must also prove one of the additional elements listed in the statute. *See* 18 U.S.C. § 242; *United States v. Williams*, 343 F.3d 423, 434 & n.7 (5th Cir. 2003) (explaining structure of statute). Here, the government has charged that the constitutional violation resulted in bodily injury to the victim. *See United States v. Livoti*, 196 F.3d 322, 327 (2d Cir. 1999) (reciting bodily injury as element of felony § 242 offense).

A defendant acts "under color of law" when he exercises power "possessed by virtue of state law and made possible only because he is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). "The dispositive issue is whether the official was acting pursuant to the power [he] possessed by state authority or acting only as a private individual." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) (internal quotations and citation omitted). A defendant acts under color of law when he acts in his official

5

capacity, even if he abuses or misuses his power by going beyond the bounds of lawful authority. *See Hafer v. Melo*, 502 U.S. 21, 28 (1991) (explaining, in analogous § 1983 context, that color of law requirement was designed to enforce constitutional requirements "against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it"); *Williams v. United States*, 341 U.S. 97, 99-100 (1951) (criminal civil rights case holding that misuse of lawful authority can constitute action taken under color of law); *Griffin*, 261 F.3d at 1303 (under this standard, "it is firmly established that a defendant . . . acts under color of law when he abuses the position given to him by the State").

Section 242 is not a source of substantive rights; rather, the statute provides a means for vindicating rights conferred elsewhere. *See Lanier*, 520 U.S. at 265 (stating, in describing 18 U.S.C. §§ 241 and 242, that "in lieu of describing the specific conduct it forbids, each statute's general terms incorporate constitutional law by reference"); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (interpreting § 242's civil counterpart). Thus, for Count One of the Indictment, the government will have to prove the defendant violated federal law or the Constitution. Herein, because the incident occurred during the victim's post-conviction incarceration, the right at issue is in the

Eighth Amendment to the United States Constitution. Inmates under the care of our correctional institutions must not be subject to cruel and unusual punishment such as an unjustified beating. *See Hudson v. McMillian*, 503 U.S. 1 (1992). The United States Supreme Court has informed us "that the 'unnecessary and wanton' infliction of pain…constitutes cruel and unusual punishment forbidden by the Eighth Amendment . . . among those 'unnecessary and wanton' inflictions of pain are those that are 'totally without penological justification.'" *United States v. Budd*, 496 F.3d 517, 531 (6th Cir. 2007) (quoting *Hope v. Pelzer*, 536 U.S. 728 (2002) (internal citations omitted)).

The government also must prove the defendant acted willfully, with the intent to interfere with a federally protected right. *Screws*, 325 U.S. at 103; *see also United States v. Brugman*, 364 F.3d 613, 616 (5th Cir. 2004). A "willful" act is one committed either "in open defiance or in reckless disregard" of a specific and definite constitutional requirement. *Screws*, 325 U.S. at 105; *see also United States v. House*, 684 F.3d 1173, 1199-1200 (11th Cir. 2012). An act is done willfully if it is "committed voluntarily and purposely with the specific intent to do something the law forbids. That is to say, with a bad purpose either to disobey or to disregard the law." *United States v. Garza*, 754

F.2d 1202, 1210 (5th Cir. 1985) (approving jury instruction in 18 U.S.C. § 242 case); *see also United States v. Johnstone*, 107 F.3d 200, 209 (3d Cir. 1997). The government need not show the defendant knew that the Constitution or other federal law protected the right with which he intended to interfere. *Screws*, 325 U.S. at 106 ("[t]he fact that the defendants may not have been thinking in constitutional terms is not material where their aim was not to enforce local law but to deprive a citizen of a right and that right was protected"); *United States v. Bradley*, 196 F.3d 762, 770 (7th Cir. 1999); *United States v. Walsh*, 194 F.3d 37, 52-53 (2d Cir. 1999); *United States v. Dise*, 763 F.2d 586, 592 (3d Cir. 1985) ("although a defendant may not have expressed an intention to violate the Constitution, and indeed may not have recognized that his acts violate the Constitution, he may be found to have willfully violated federal rights if he acted in reckless disregard of the law").

The government has charged that the defendant committed a felony violation of 18 U.S.C. § 242 because his conduct subjected the victim to bodily injury. Bodily injury is not defined in 18 U.S.C. § 242. However, Title 18 defines the term bodily injury elsewhere as follows:

    (A)    a cut, abrasion, bruise, burn, or disfigurement;

    (B)    physical pain;

  (C)  illness;

  (D)  impairment of the function of a bodily member, organ, or mental faculty; or

  (E)  any other injury to the body, no matter how temporary.

18 U.S.C. § 831(g)(5); 18 U.S.C. § 1365(h)(4); 18 U.S.C. § 1515(a)(5); 18 U.S.C. § 1864(d)(2). This definition of bodily injury may be applied to a prosecution under 18 U.S.C. § 242. *Myers*, 972 F.2d at 1572; *see also United States v. Gonzales*, 436 F. 3d 560, 575 (5th Cir. 2006) (abrogated on other grounds); *United States v. Bailey*, 405 F.3d 102, 111 (1st Cir. 2005). The government does not have to prove the defendant intended to cause injury; it need prove only that bodily injury resulted from the defendant's acts. *United States v. Hayes*, 589 F.2d 811, 820-22 (5th Cir. 1979) (interpreting "death results" clause of 18 U.S.C. § 242); *see also United States v. Marler*, 756 F.2d 206, 216 (1st Cir. 1985) (holding that, in a 18 U.S.C. § 242 case in which death results, the government need not prove that the defendant intended the victim's death); *cf. United States v. Guillette*, 547 F.2d 743, 749 (2nd Cir. 1976) (discussing proximate causation in 18 U.S.C. § 241 civil rights

conspiracy statute).[2]

***Count Two*** – A false statement to a federal agency requires the government prove:

(1) The defendant made the statement;

(2) The statement was false;

(3) The falsity concerned a material matter;

(4) The defendant acted willfully, knowing that the statement was false; and

(5) The false statement was made in a matter within the jurisdiction of the Federal Bureau of Investigation.

A material false statement is one capable of affecting or influencing the exercise of a government function. *United States v. Boffil-Rivera*, 607 F.3d

---

[2] Federal Rule of Criminal Procedure 31(c)(1) states that a defendant may be found guilty of "an offense necessarily included in the offense charged." An offense is a lesser offense if its elements are a subset of the elements of the charged offense. *Schmuck v. United States*, 489 U.S. 705, 716, 721 (1989). Rule 31 does not distinguish "between a request for jury instructions made by the Government and one made by the defendant. In other words, the language of the Rule suggests that a lesser included offense instruction is available in equal measure to the defense and to the prosecution." *Id.* at 717. *See also United States v. Whitman*, 887 F.3d 1240, 1246 (11th Cir. 2018) ("providing an instruction on a lesser-included offense often aids the prosecution in obtaining a conviction on, at least, one charge"). It is anticipated the Court will provide the jury an option for a lesser included offense conviction as to Count One, which would be a violation of the law "without bodily injury." *See United States v. Farnham*, 3:06-cr-00456-RV (N.D. Fla. 2007) at ECF Nos. 48, 49.

736 (11th Cir. 2010). "The government is not required to prove that the statement had actual influence. The false statement must simply have the capacity to impair or pervert the functioning of a government agency." *Id*. at 741 (internal citations omitted). Indeed, "[t]he statement does not have to be relied upon and can be material even if it is ignored and never read." *Id.* at 742. As the United States Supreme Court has informed us, a defendant is not entitled to an "exculpatory no" defense in order to defeat this charge. *See Brogan v. United States*, 522 U.S. 398 (1998).

    3. The government anticipates the evidence at trial will reveal that on the morning of October 3, 2023, at Gulf Correctional Institution, Inmate Anthony Touchton placed paper over his prison cell window. Initially, Touchton refused to submit to orders from correctional officers to remove the paper. However, after a few minutes, Touchton complied and was handcuffed behind his back by officers.[3] The defendant and Officer Ricky Mazingo

---

[3] A portion of this interaction was recorded on handheld video by correctional officers. That is, the correctional officers recorded their interaction with Touchton whilst they warned him that he should comply and remove the paper from his cell window. Since he did so, and that event ended, this initial video recording is not relevant as to whether or not sometime later – in a wholly different area of the institution – the defendant assaulted Touchton. The only purpose for showing this video, if the defense attempts to do so, would be to paint the victim as troublesome, in violation of the Federal Rules of Evidence. It would be impermissible character evidence meant to taint the jury into thinking the victim is a bad person, which would be unfairly prejudicial as it would solely be used to tarnish the victim by suggesting a propensity to commit bad acts. *See* ECF No. 27.

("Mazingo") then escorted Touchton to medical triage because the defendant claimed that Touchton declared a "psych emergency." There is no evidence Touchton had done so. Nonetheless, the defendant took Touchton to medical triage along with Officer Mazingo, where there are no cameras. Once at medical triage, several employees (to include nurses and a correctional officer) witnessed the defendant punch Touchton in his face causing him to fall to the ground. Once on the ground, the defendant punched Touchton again in the head area and, with the defendant's boot, stepped on Touchton's throat/neck. During this assault, Touchton was compliant with orders and handcuffed behind his back. Touchton sustained several injuries to his face. The injuries were demonstrable:



The assault was immediately reported by the two nurse eyewitnesses in a series of excited utterances to their supervisor as they are mandatory reporters of abuse.[4]

The defendant was provided his *Miranda* (and *Garrity*) rights and interviewed on October 18, 2023, by members of the Office of the Inspector General and the Federal Bureau of Investigation. During this interview, the defendant asserted that he did not punch, kick, step on, choke, or strike Touchton in any way. Instead, contrary to at least three eyewitnesses, the defendant claimed Touchton intentionally hit his own head against a wall and then fell to the ground, which caused his injuries. When Touchton fell to the ground, the defendant claimed that he merely put his boot on Touchton's shoulder and shook him while ordering him to get up from the ground.

---

[4] Pursuant to Rule 803(2) of the Federal Rules of Evidence, regardless of whether the declarant is available as a witness, an excited utterance is an exception to the rule against hearsay. Fed. R. Evid. 803(2). Further, an excited utterance occurs when there is a "statement relating to a startling event or condition, made while the declarant was under the stress of excited that it caused." *Id.*  In this instance, two nurses witnessed the terrifying and startling assaultive event, they were visibly shaken and under the stress of the event when reporting it immediately after it occurred, and the content of their statements were directly related to the event itself.  Such an utterance need not be contemporaneous, only the declarant must be under the stress of the event itself – which was present here.  *See United States v. Belfast*, 611 F.3d 783, 817 (11th Cir. 2010); *United States v. Stepherson*, 383 F. App'x 853, 854-55 (11th Cir. 2010).

The government anticipates the aforesaid evidence will be admitted during the instant trial through testifying law enforcement investigators, witnesses to the incident (and those who the incident was immediately disclosed to through excited utterances), crime scene and victimization photography, and documentary exhibits. The defense, without question, believes the facts to be different than those recited above and has requested the instant trial by jury.[5]

                                                Respectfully submitted,

                                                JASON R. COODY
                                                United States Attorney

                                                ***/s/ David L. Goldberg***
                                                David L. Goldberg
                                                Assistant United States Attorney
                                                Member of the Maryland Bar
                                                21 East Garden Street, Suite 400
                                                Pensacola, FL  32502-5675
                                                Phone: (850) 444-4000

---

[5] It is possible the defendant will exercise his right to testify at trial. The government in no way desires to interfere with the defendant's rights, but it does put the defense on notice that (as provided in discovery) the defendant has prior use of force and other improper action allegations against him as a correctional officer – some of which were sustained findings – and the government would anticipate using these to impeach the defendant's credibility as a trial witness.

/s/ Khari A. James
Assistant United States Attorney
Florida Bar No. 1003862
111 North Adams Street, 4th Floor
Tallahassee, FL 32301
khari.james@usdoj.gov
(850) 942-8430

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been delivered via the Court's electronic filing system to defense counsel, Elizabeth Vallejo, Esq., on this the 12th day of August, 2024.

/s/ David L. Goldberg
DAVID L. GOLDBERG
Assistant U.S. Attorney