IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

v.  Case No.: 5:24cr11-MW/MJF

DEAN PADGETT,

  *Defendant.*
_____/

## COURT'S INSTRUCTIONS TO THE JURY:

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

FILED IN OPEN COURT THIS
August 28, 2024
CLERK, U.S. DISTRICT
COURT, NORTH. DIST. FLA.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own

affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe

what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or

remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

The indictment charges two crimes, called "counts," against the Defendant. You'll be given a copy of the indictment to refer to during your deliberations.

As to Count One, it's a Federal crime for anyone acting under color of state law to willfully deprive someone else of his or her rights secured by the Constitution or laws of the United States. In this instance, it is the right not to be subject to cruel and unusual punishment.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) The Defendant deprived Mr. Touchton of the constitutional right not to be subjected to cruel and unusual punishment by the unjustified use of force;

(2) At the time of depriving Mr. Touchton of his constitutional rights, the Defendant was acting under color of state law;

(3) The Defendant acted willfully; and

(4) Defendant's conduct resulted in bodily injury to Mr. Touchton.

An inmate has a constitutional right not to be subjected to cruel and unusual punishment. An officer deprives an inmate of this right if the officer uses force against the inmate and the use of force is not justified.

An assault is an intentional, unjustified use of force. Hitting, striking, or kicking a person, if unjustified, is an assault. An officer's use of force is justified if the officer uses the force to protect himself from an assault by an inmate that the officer reasonably believes is imminent. An officer's use of force is justified if the officer reasonably believes the force is necessary to maintain or restore order—for example, to prevent or quell a disturbance. But an officer's use of force is not justified if the force is used without a legal reason for the very purpose of inflicting pain or injury.

An act "under color of state law" includes any act done by an official under a state law or regulation. It also covers acts done by an official under the ordinances and regulations of any county or municipality of the state. It even includes acts performed under a state or local custom.

To act "under color of state law" means to exceed or abuse lawful authority while claiming or pretending to perform an official duty. An unlawful act under color of state law occurs when a person has power only because that person is an official,

6

and that person does acts that are a misuse or abuse of that power. A Defendant acts under color of law when he acts in his official capacity, even if he abuses or misuses his power by going beyond the bounds of lawful authority.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

Bodily injury includes (A) a cut, abrasion, bruise, burn, or disfigurement; (B) physical pain; (C) illness; (D) impairment of a function of a bodily member, organ, or mental faculty; or (E) any other injury to the body, no matter how temporary. The Government does not have to prove the Defendant intended to cause injury; it need prove only that bodily injury resulted from the Defendant's acts.

As you will see on the Verdict Form, if you find the Defendant guilty as charged in Count One, you must then move to Count Two. If you have found the Defendant not guilty as to Count One as charged, you must determine whether the Defendant is guilty of the lesser included offense of Count One – unjustified use of force <u>without</u> bodily injury, and thereafter move to Count Two.

In some cases, a Defendant is charged with breaking a law that actually covers

two separate crimes. A "lesser included offense" is a crime that isn't as serious as the other crime a Defendant is charged with. If you find the Defendant not guilty of the crime charged in Count One, you must determine whether the Defendant is guilty of the lesser included offense. Proof of the lesser included offense requires proof beyond a reasonable doubt of the facts necessary to prove the crime charged in Count One, except the unjustified use of force did not cause bodily injury.

Turning to Count Two, it's a Federal crime to willfully make a false or fraudulent statement to a department or agency of the United States. The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant made the statement as charged;

(2) the statement was false;

(3) the falsity concerned a material matter;

(4) the Defendant acted willfully, knowing that the statement was false; and

(5) the false statement was made or used for a matter within the jurisdiction of a department or agency of the United States.

A statement is "false" when made if it is untrue when made and the person making it knows it is untrue. The Government doesn't have to show that the Governmental agency or department was, in fact, deceived or misled.

When Government agents are conducting an investigation, a false "no" in

8

response to a question is a false statement.

The making of a false statement is not a crime unless the falsity relates to a "material" fact.

A "material fact" is an important fact – not an unimportant or trivial detail – that has a natural tendency to influence or is capable of influencing a decision of a department or agency in reaching a required decision.

The Federal Bureau of Investigation is an agency of the United States.

The indictment lists three allegedly false statements. Any of these could be enough to support a guilty verdict on this count, but you must all agree on the same one; it would not be sufficient for some of you to find Defendant guilty based on one of the statements while others find him guilty based on a different statement.

Where a statute specifies multiple alternative ways in which an offense may be committed, the indictment may allege the multiple ways in the conjunctive. That is, by using the word "and." If only one of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

You'll see that the indictment charges that the crimes were committed "on or about" a certain date. The Government doesn't have to prove that the offenses occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crimes were committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

If the Government offers evidence that a Defendant made a statement or admission to someone, you must consider that evidence with caution and great care. You must decide for yourself (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it. To make these decisions, you must consider all the evidence about the statement – including the circumstances under which it was made.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.